ISABELLA MORRIS, by her next friend Eliza Grinnage,

*v.*

BENJAMIN F. DORSEY et al.

[Submitted June 3d, 1910. Decided June 23d, 1910.]

1. A judgment against a residuary devisee, as such, for a debt of testator, establishes the debt as a just one of the testator.

2. The orphans court, authorized by statute to order a sale of lands of a decedent for the payment of his debts when the personalty is insufficient for that purpose, may not order a sale of the real estate of a testator to pay the debts and funeral expenses of his wife, notwithstanding his will, devising his estate to his wife for life, and at her death after the

payment of the wife's debts and funeral expenses, to a daughter; the word "debts" in the statute referring to the debts of decedent alone.

3. Where no power of sale of real estate is vested in the executor by the will of testator, he can only acquire that power from the orphans court in a case where the statute authorizes the court to confer the power.

On bill, &c., for injunction.

The will of James H. Morris, deceased, provides:

"*Second.* I give devise and bequeath to Martha Morris, my beloved wife, during her natural life, all the income from my real estate and personal property after all the taxes and necessary repairs shall have been paid, and after her death then my daughter Martha E. Morris is to become the owner of all that may be remaining of said real estate or personal property after my wife's funeral expenses and just debts are paid during her natural life then after her death the said property is to revert to my daughter nearest surviving heirs."

In *Deaton* v. *Dorsey (New Jersey Supreme Court), 78 N. J. Law (49 Vr.) 229,* this paragraph of this will was construed as giving a life estate to the daughter in so much of testator's property as remained at the decease of the widow, with a provision that the property to be received by the daughter should be diminished by the payment of the widow's funeral expenses and just debts. After the death of the widow, Martha Morris, an action was brought by one Deaton against the executor of James H. Morris for the recovery of a debt which was due from the widow to Deaton at the time of her death; but in the case above referred to it was held that the action could not be maintained for the reason that the persons primarily authorized by law to exercise the power of determining what claims against the widow should be regarded as just claims were the executors or administrators of the widow. As a rule to bar creditors had been entered in the settlement of the estate of the widow, Martha Morris, before the decision above referred to had been filed by the supreme court, an action at law was brought by Deaton, as a creditor of the widow, against Mary L. Williams, as a devisee of real estate under the will of the widow, and judgment was recovered. A similar action was in like manner brought by James

M. Johnson against the same devisee for funeral expenses of the widow and judgment was recovered. These two judgments were then presented to Benjamin F. Dorsey, as the substituted administrator with the will annexed of James H. Morris, and payment by him out of the estate of James H. Morris was demanded by the two judgment creditors and also by the judgment debtor. Dorsey, for want of sufficient personal property belonging to the estate of James H. Morris to pay these claims, then instituted proceedings before the orphans court for the sale of real estate of his testator, James H. Morris, for the payment of debts, and in due course an order for the sale of real estate was made by that court for the purpose named. The principal debts for which the sale was ordered to be made were the two judgments already referred to.

The present bill is filed in behalf of Isabella Morris, the daughter and sole heir-at-law of Martha E. Morris, who is now deceased. An injunction is sought against the sale which has been ordered by the orphans court. Hearing has been had on bill and affidavits at the return of an order to show cause.

*Mr. John J. Crandall,* for the complainant

*Mr. Ralph W. E. Donges* and *Mr. Francis D. Weaver,* for the defendants.

LEAMING, V. C.

*First.* Upon the present record it is impossible to award preliminary relief upon the ground of fraud and collusion asserted by the bill. The affidavits filed in behalf of defendants necessitate the present conclusion that they have proceeded in good faith.

*Second.* In a *bona fide* action at law against a residuary devisee, as such, for a debt of the testator, a recovery of judgment necessarily establishes the debt as a just debt of the testator. Objection is now made in behalf of complainant that the present record nowhere discloses that Mary L. Williams, against whom the two judgments were recovered, was in fact a residuary devisee of Martha Morris, or received assets as such, or that either

of the judgments against her was recovered against her as such residuary devisee for a debt of her testator. I incline to the view that the evidence afforded by the transcripts of the proceedings before the law court, when considered in connection with the amendments to the pleadings as recorded in the minutes of the law court, sufficiently disclose the facts stated; but I think the present determination of that question is unnecessary for the reasons hereinafter considered.

*Third.* Assuming that the several recoveries by Deaton and Johnson against Mary L. Williams were recoveries against her as devisee of Martha Morris, and that one was for a just debt of Martha Morris and the other for her funeral expenses, and that the judgment debtor has, as such devisee, received assets to the combined amount of the two judgments; and that the two claims were, by such judgments, sufficiently established to warrant or even require the present administrator of James H. Morris to recognize the judgments as claims payable under the terms of the will of James H. Morris, has the orphans court jurisdiction to order the sale of the lands in question under the provisions of the statute for the sale of lands for the payment of debts? I think not. The proceedings which have been taken to procure the order of sale have been under and pursuant to the provisions of the statute which authorizes the orphans court to order land sold for the payment of debts of a testator or intestate. The claims for which the present sale is about to be made are not debts of James H. Morris. The will of James H. Morris contemplates that these claims shall be paid out of his estate; but they are not his debts. The direction in his will to the effect that if his widow should die leaving debts of her own, such debts should be paid out of his estate, is, as stated by the supreme court in the case already referred to, in the nature of a legacy; and the same may be said as to the provision for the payment of the funeral expenses of his widow. I know of no legislation which clothes the orphans court with power to order the sale of real estate to thus enable an executor to comply with the directions of a will. If no power of sale of real estate is vested in an executor by the terms of a will he can only acquire that power from the orphans court in such cases as the statute has author-

ized that court to confer the power. The legislature has empowered the orphans court to authorize the sale of lands of a. testator or intestate for the payment of the debts of the testator or intestate when the personal property is insufficient for that purpose; but the statute goes no further. Certain words of this statute have been held to indicate a legislative intent to embrace in that statute expenses and allowances in the settlement of the estate (*Personette* v. *Johnson, 40 N. J. Eq. (13 Stew.) 173*), but the "debts" referred to throughout the act are debts of decedent.

I will advise a preliminary writ pursuant to the prayer of the bill.